IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DR. ROSANDRA DAYWALKER *Plaintiff,* v. UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, AND DR. BEN G. RAIMER, IN HIS OFFICIAL CAPACITY *Defendants.* | § § § § § § § § § § § | No. 3:20-CV-00099 |

**DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT RESPONSE AND PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff submitted redacted documents to the Court yesterday and represented that they were what "Defendants and third-parties have requested be redacted and/or sealed." *See* Exhibits A and B. Plaintiff's counsel knew at the time, however, that this statement was not accurate. Rather, only hours before, Plaintiff backed out of an agreement to redact proposed designations made by Defendants and the Affected Third Parties. She also explicitly refused to include documents and redactions of a resident's personal identifying information even though Mr. Southerland, an attorney for one of the residents, redacted the documents for her[1] and sent them to her earlier that day. *See* Exhibit C (telling Mr. Southerland at 2:30 p.m. "[y]ou are too late").

---

[1] To ensure Plaintiff was able to meet her deadline, undersigned defense counsel also agreed to redact a large portion of the fillings for her, including both briefs, Plaintiff's declaration, and Plaintiff's interrogatory responses.

1

This action represents a continuation of Plaintiff's refusal to confer in good faith and intentional disregard of the Court's orders related to Confidential information. The Court has taken intermediate steps to try to curb this behavior. It has stricken Plaintiff's filing when she failed to confer and admonished her at a later hearing after she violated a court order instructing her to meet and confer about discovery issues. ECF 60 (order striking Plaintiff's discovery letter for her failure to confer); Ex. M. (September 15 hearing: "I watched the video of the recent meet-and-confer meeting; and Ms. Plante-Northington refused to confer on the issues, although my clear intent from the order was to require you all to address all outstanding discovery issues."). And it has sealed multiple of Plaintiff's filings for failing to comply with the Court's protective orders. ECF 127 and 132.

After each violation, Plaintiff's counsel professes ignorance about the Court's orders. *See, e.g.,* ECF 134 at 13. But the Court's Standing Protective Order and its order granting the Affected Third Parties motion could not be clearer about the parties' obligation to protect confidential information. The Court also took pains to explain the obligations to Plaintiff's counsel during a hearing. ECF 114 at 47 (The order will "say the redacted information, you know, the personally identifiable information will be taken out. And based on what we know now, if those documents are filed with the Court that those documents will be sealed."). And if there was any doubt about Plaintiff's counsel's knowledge, the Defendants and third parties notified her of violations each time and yet she refused to take actions to correct the violations. *See* ECF 134 (notifying Plaintiff on November 15 that her filings were in violation of the court's order and requesting she correct them); Exhibit K (notifying Plaintiff on December 2 and requesting that she correct the submissions).

Plaintiff's counsel's own statements provide insight into her conduct. Immediately following the Court's August 31 order that resident's information was protected by FERPA, the parties had a deposition where Plaintiff's counsel repeatedly asked questions about residents' education records. In response to defense counsel's instructions not to answer in reliance on the court's order, Plaintiff's counsel stated her intent to get around the court's order "because there's always a way around the rules, Mr. Soto. You don't know that? That's why we are attorneys." ECF 125, Ex. 30 at 128:10-14. But Plaintiff's counsel has it backwards. Attorneys are bound by ethical, Federal, and local rules to abide by court orders, not to get around them through gamesmanship. The Court had taken intermediate steps to try to curb Plaintiff's counsel's behavior. It has been unsuccessful. Enough is enough. The Court should strike Plaintiff's summary judgment response and motion for sanctions as it warned in its order. ECF 127.

### TIMELINE

1. **Friday November 19, 2021.**

- The Court issued an order sealing Plaintiff's summary judgment response and requiring the parties to work together to determine what portion of the response and exhibits were to be redacted, replaced with pseudonyms, and/or filed under seal. ECF 127 at 1. Plaintiff was also ordered to submit the redactions to the Court for review by 5:00 p.m. on December 2, 2021. *Id.* Finally, the Court warned that a "[f]ailure to abide by this order may result in the summary judgment response being struck from the record." *Id.* at 2.

- Later than night, Plaintiff publicly filed a motion for sanctions (ECF 129) which again identified residents by name, included FERPA information, and other material required to be sealed pursuant to the Court's Standing Protective Order (ECF 4) and Order Granting the Affected Third Parties Motion for Protection (ECF 110). The Court sealed that filing on November 23 and issued an order again requiring the parties to work together and for Plaintiff to submit redacted documents.

2. **Monday, November 22, 2021.**

- That morning, Defendants reached out to Plaintiff to notify her that defense counsel would create a list of documents or portions of the brief that must be redacted, replaced, or sealed pursuant to the Court's order. Exhibit D. Defense counsel also suggested that the parties "probably set up a time to confer" about the redactions and any potential disputes. *Id.* Plaintiff did not respond to the email.

3. **Tuesday, November 30, 2021.**

- On November 30, 2021 (after conferring with the Affected Third Parties), Defendants sent Plaintiff a list of proposed redactions and portion of the filings that needed to be sealed. Exhibit E[2]. Defendants offered their assistance with any redactions and again suggested to set up a time to confer if Plaintiff had any disputes about the proposals. *Id.* Plaintiff again did not respond to the email.

4. **Wednesday, December 1, 2021.**

- Defendants followed up with Plaintiff about the proposals. Exhibit F.

---

[2] Exhibits with redactions of residents' names (including Exhibits A, B, C, E, I, J, K and L) are being filed under seal pursuant to ¶ 6 of ECF 110 and the Affect Third Parties' requests.

4

- Plaintiff finally responded to the December 1 email stating "I am not sure of the reason for a meet and confer" and "I am opposed to sealing and redacting. The [C]ourt knows this so I am not sure why it is making me confer and meet by agreement." *Id.*

- Seeking clarification, Defendants asked if Plaintiff intended to comply with the Court's orders. After some back and forth, Plaintiff stated that "*I will redact and seal the information you have proposed.*" Exhibit G (emphasis added). Defendants responded by again offering assistance with redacting or reviewing the submission. *Id.*

5. **Thursday, December 2, 2021.**

- The day of the submission deadline, Plaintiff's counsel backed out of her agreement to "redact and seal the information [Defendants' and the Affected Third Parties] proposed." First, that morning, counsel stated that she would only comply with the order if defense counsel did all of her redactions. Exhibit H. Then Plaintiff refused to redact or file under seal references to a resident (who would later become a faculty member) despite that she was aware that (1) the resident was only referred to in Plaintiff's brief in his capacity as a resident and (2) the portion of the deposition transcript in question was designated as Confidential under the Standing Protective Order. *See* Exhibit I.

- Nevertheless, to ensure that Plaintiff made her deadline, defense counsel agreed to redact a large part of Plaintiff's filings, including both briefs, Daywalker's declaration, and the interrogatory responses. *See* Exhibit I at 2.

- Mr. Southerland, counsel for one of the residents, also pitched in to help by redacting portions of the filings that referenced his client or were Confidential under the Standing

5

Protective Order. *See* Exhibit C. Plaintiff refused this help by telling him it was "too late." *Id.*

- 80 minutes before the submission deadline, Plaintiff sent Defendants and Affected Third Parties proposed redactions for her summary judgment filing. Within 34 minutes, Defendants reviewed the documents and identified missed redactions by page and line number. Exhibit J.

- 46 minutes before the submission deadline, Plaintiff sent Defendants and the Affected Third Parties proposed redactions for her motion for sanctions filling. Within ten minutes, Defendants reviewed and identified missed redactions. *Id.*

- Plaintiff did not respond to either of the emails identifying (by page and line) missed redactions. Instead, at 4:41 and 4:43 p.m., she submitted documents to the Court representing that they were "documents Defendants and third-parties have requested to be redacted and/or sealed." Exhibits A and B. The submission did not include all portions of the documents identified by Defendants in their November 30 letter or any of the designations in their December 2, 2021, emails. And it did not include the documents and redactions proposed and made by Mr. Southerland.

- Following a review of the submission, Defendants asked Plaintiff's counsel to correct the statement to the Court that the document reflects the parties' agreement and to incorporate missed redactions. To date, Plaintiff has not made any of these corrections. Exhibit K.

## BACKGROUND INTO PROPOSED REDACTIONS

In conferring with Plaintiff prior to the parties' deadline, Defendants and the Affected Third Parties identified the following classes of information that should be redacted, replaced with pseudonyms, and/or sealed (See Exhibits E[3]):

**Redacted, Replaced, but Not Sealed**

Plaintiff's summary judgment response brief (ECF 125) and motion for sanctions (129). Defense counsel did those redactions for Plaintiff.

**Redacted, Replaced, and Portions Sealed**

Portions of Exhibits 1 and 11 to Plaintiff's summary judgment response brief to reference residents. Defense counsel did those redactions for Plaintiff.

**Sealed**

All of Exhibits 8, 18-20 to Plaintiff's summary judgment response and Exhibit E to the motion for sanctions.

**Redacted and Portions Sealed**

References to residents in Exhibits 25, 26, 27, 29, and 30 to the summary judgment response. Mr. Southerland also requested that references to his client in Exhibit 12 and 27 be redacted and sealed. Mr. Southerland did those redactions for Plaintiff. *See* Ex. C.

In addition, Defendants requested that all portions of the Ex. 27 and Ex. I that were designated confidential under the Standing Protective Order be redacted and sealed.

---

[3] References to Dr. Chaaban were included in error and Defendants did seek those redactions when they redacted the documents in question.

Finally, references to residents in Exhibit B, D, H, and I to the motion for sanctions should be sealed.

## CONFIDENTIAL DOCUMENTS AT ISSUE

**References to Resident 11 in Exhibits 25, 29, 30**

The afternoon of the submission deadline, Plaintiff told counsel she was backing out of her agreement and would not redact confidential information related to Resident 11 because he was later hired by UTMB as a faculty member. Defendants and the Affected Third Parties notified Plaintiff (1) she did not confer about this dispute when we had previously sought to meet and confer; (2) she did not cite to or rely on the evidence in question in her summary judgment response; (3) Resident 6 is only mentioned in the response in his capacity as a resident (see ECF 125 "a Resident then and now Attending Physician"); and (4) the portion of Pine's deposition transcript involving this individual was designated as Confidential under the Standing Protective Order (ECF 125, Ex. 30 at 42:15-18; 276:24-277:8 (designating exhibits and questions related to exhibit as Confidential)) and Plaintiff had not challenged that designation. Plaintiff did not substantively respond to the bases and instead simply submitted the documents without those redactions. (proposed redactions include ECF 125 Ex. 25 at page 87; Ex. 29 at page 78, and Ex. 30 at page 41).

**References to Resident 6 in Exhibits 12, 27, 29, 30 and I**

Plaintiff did not include Mr. Southerland's proposed redaction of Exhibits 12 and 27 of the summary judgment response and Exhibit I of the motion for sanctions. Exhibit 12 was Daywalker's deposition, which included testimony regarding Resident 6's educational records. Notably, Daywalker was a student and employee while at UTMB and, therefore, to the extent

she gained knowledge of other students' educational records while at UTMB she is bound by FERPA just as any other employee would be. Exhibit 27 and Exhibit I was Resident 6's deposition transcript. Notably, in the deposition, Plaintiff's counsel agreed that she "would not file this transcript publicly with his information in it." ECF 125, Ex. 27 at 62:22-24. Her submission violated that agreement as well.

In addition, before the submission, Defendants pointed out that Plaintiff had missed redactions to Resident 6 in Exhibit 29 at pages 161-62 and Exhibit 30 at pages 98, 113, 127, 257.

**Portions of Exhibits 27 and I that were designated Confidential and/or Attorney's Eyes Only under the Standing Protective Order**

Following Resident 6's deposition, Mr. Southerland designated portions of the transcript as Confidential under the Standing Protective Order. *See* Exhibit L. Plaintiff's submission does not redact or seal the following Confidential and/or Attorney's Eyes Only excerpts of that transcript: pages 32-36; 55:14-56; 61.24; 124:25; 169:1-177:10.

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(f), the Court "may issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see also Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 641–42 (5th Cir.2008) (upholding sanctions imposed by trial court as within the authority of Federal Rule of Civil Procedure 16(f)); *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 290 (5th Cir.2002) (upholding civil contempt order imposed as a sanction for party's violation of a protective order). Action authorized by Rule 37(b)(2)(A) include:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). The district court may rely on its inherent power to impose sanctions when a party's conduct is not effectively sanctionable pursuant to an existing rule. *Toon v. Wackenhut Corrections Corp.,* 250 F.3d 950, 952 (5th Cir.2001).

## ARGUMENT

Plaintiff did not confer in good faith, mispresented the parties' position to the Court, and submitted documents that once again violate the Court's orders regarding confidential information. Notably, this is not the first time Plaintiff has violated a court order to confer in good faith. And this is not the first time Plaintiff has violated the Court's Standing Protective Order or order regarding resident's information. The Court has attempted intermediate measures to correct this behavior, including striking Plaintiff's fillings (ECF 60), ordering her to meet and confer (ECF 85), admonishing Plaintiff for violating the order to meet and confer (Ex. M), and temporary sealing of Plaintiff's fillings (ECF 127 and 132). Yet none of those intermediate measures have worked. To enforce its order and to deter future misconduct the

10

Court should do what it warned in its order: it should strike Plaintiff's summary judgment response and her motion for sanctions.

Publicly filing Confidential information in violation of a protective order is by itself a sanctionable event that warrants striking of the offending filing. *See Bead Filter Intern., LLC. v. Mills*, SA-09-CV-105-XR, 2009 WL 3837863 at * 3, (W.D. Tex. Nov. 12, 2009) (striking portions of a motion for summary judgment and exhibits that contained Confidential information in violation of the protective order). Here instead of immediately sanctioning Plaintiff for her violations of the orders, the Court gave her a second and a third chance to correct the violations. ECF 127 and 132. Plaintiff's counsel however, failed to confer in good faith as obligated by the orders and submitted documents that still do not cure the violations. The Court does not need to find that Plaintiff's counsel's conduct was willful to impose a sanction, but in this event all evidence supports that conclusion. Counsel was aware of the provision of the Standing Protective Order since it was issue in March of 2020. ECF 4. She, likewise, was aware of the Court's order granting the Affected Third Parties' motion for protection since September 2021. EFC 110. She has also been repeatedly counseled about her obligations under the order by Defendants and the Court. *See, e.g.*, Ex. M; *see also* EFC 125, Ex. 27 at 62:17-21 (explaining that the designation of portions of Resident 6's transcript as Confidential under the Standing Protective Order would bind the parties "without another court order. So that would prohibit [Plaintiff's counsel] from, like, filing this transcript public."). And, if there were any doubts, after Plaintiff initially violated the orders by publicly filing ECF 125 and the latest submission, Defendants notified her of the violation and asked that she cure them—yet Plaintiff took no actions to correct any of the violations.

To get Plaintiff to follow its orders regarding conferring in good faith and protecting Confidential information, the Court has ordered her to meet and confer (multiple times), admonished for not conferring in good faith, struck offending filings, sealing fillings, and offered her a second and third chance to correct her filings. As the Court can see, none of those intermediate measures have corrected the issue. The Court's order (ECF 127) contemplates the next step is striking her summary judgment response. The Court should take that next step.

## CONCLUSION

The Court should strike Plaintiff's summary judgment response and motion for sanctions.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/ *Esteban Soto*
TODD A. DICKERSON
Attorney-in-charge
Texas Bar No. 24118368
Southern District ID No. 3544329

        Office of the Attorney General
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 |Fax: (512) 320-0667
        Todd.Dickerson@oag.texas.gov

        ESTEBAN S.M. SOTO
        Chief of the Transportation Division
        State Bar No.24052284
        S.D. Tex. Admission No. 1014954
        SHEKEIRA WARD
        State Bar No. 24098575
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        Telephone (512) 475-4054
        esteban.soto@oag.texas.gov
        shekeria.ward@oag.texas.gov
        COUNSEL FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

    I certify that that on December 2 and 3, I contacted Plaintiff's counsel about her submission and requested (1) she notify the court to correct the statement the submissions represent what Defendants and the third-party proposed; and (2) that she correct the submissions to include the page and line redactions I included in my November 30 letter, my December 2 emails, and Mr. Southerland's December 3 redactions. On December 3 she responded saying that she "was generous" and "submitted most redactions as you requested" but she would not make all of the redactions we proposed because she felt they "exceed[ed] the scope of the orders relating to FERPA." She did not respond to my multiple requests that, given the dispute, she correct her statement to the Court that the submission represent what "Defendants and third-party have requested be redacted and/or sealed."

        */s/ Esteban Soto*
        Esteban S.M. Soto

## CERTIFICATE OF SERVICE

I certify that that on December 3, 2021, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

> */s/Esteban Soto*
> ESTEBAN SOTO
> Assistant Attorney General